UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANUEL MENDEZ ESTRADA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | CASE NO.   C05-0216-TSZ <br> (CR00-0268-TSZ) <br><br> REPORT & RECOMMENDATION |

## INTRODUCTION

Petitioner has filed a "Formal Petition For Asking to Review [sic] the Petitioner's Sentence In Light of the United States Supreme Court Recent Decision." (Dkt. #1). Petitioner has informed the court that he wishes his petition to be construed as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. #13). Having considered the motion, the government's response, and petitioner's reply, the court concludes, as discussed below, that the motion should be denied.

## PROCEDURAL HISTORY

On July 7, 2005, petitioner pleaded guilty to one count of conspiracy to distribute 14 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846. (Doc. #34 in Case No. CR00-268-TSZ). At his sentencing hearing before United States District Judge Thomas S. Zilly, petitioner was sentenced under the federal sentencing guidelines. The presentence report recommended that petitioner's offense level be adjusted upwards by two points for his role in the offense. At sentencing, counsel for petitioner argued that petitioner

REPORT & RECOMMENDATION
PAGE 1

should not receive the two point upward adjustment because the facts supporting it were "scanty." (Doc. #9 in Case No. C05-216, Exhibit 1 at 4-5). Counsel admitted, however, that petitioner's sentence would be the same regardless of whether the court accepted the adjustment, because a ten-year mandatory minimum sentence applied in the case. (*Id*.)

The prosecutor countered that sufficient facts supported the upward adjustment, but agreed that whether the adjustment applied or not was a "moot point in terms of the imposition of sentence." (*Id*. at 5). The court imposed the two point upward adjustment and sentenced petitioner to the minimum of the guideline range, 120 months' imprisonment, which was also the mandatory minimum sentence. (*Id*. at 7).

Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals on October 24, 2000. On November 7, 2000, however, petitioner moved to voluntarily dismiss his appeal. The Ninth Circuit granted that motion on December 11, 2000, dismissed the appeal, and petitioner's conviction became final on that date.

Petitioner filed the instant petition on February 3, 2005. (Doc. #1). After a brief delay occasioned by an oversight on the part of the government's counsel, the government filed its response on May 19, 2005. (Doc. #9). Petitioner filed a reply on June 2, 2005. (Doc. #11). Because petitioner's original petition had not clearly stated his intentions, the court directed petitioner to verify, pursuant to *Castro v. United States*, 124 S. Ct. 786, 789 (2003), that he wanted the court to construe his petition as a motion under 28 U.S.C. § 2255. Petitioner responded on July 28, 2005, stating that he did want his petition so construed. (Doc. #13). The matter is now ready for review.

## DISCUSSION

Petitioner argues that the two point upward adjustment imposed by the judge at his sentencing hearing violated his Sixth Amendment right to trial by jury, as articulated by the Supreme Court in *United States v. Booker*, 125 S.Ct. 738 (2005). (Doc. #11 at 2). The government counters that petitioner may not avail himself of the right articulated in *Booker*

REPORT & RECOMMENDATION
PAGE 2

because that right does not apply retroactively to cases such as this one, which became final before *Booker* was decided. In addition, the government points out that even if *Booker* did apply, it would not help petitioner because even without the two point adjustment, his sentence would have remained the same due to the mandatory minimum sentence for his offense.

### *Booker* Retroactivity

On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely*. In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified the departure. *Blakely v. Washington*, 124 S. Ct. at 2535. The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id*. The Supreme Court held that this exceptional sentence violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by petitioner nor found by a jury. The Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id*. at 2537 (emphasis in original).

On January 12, 2005, the Supreme Court issued its ruling in *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, the Supreme Court addressed *Blakely* in the context of the Federal Sentencing Guidelines and concluded that the Sixth Amendment, as construed in *Blakely*, applies to the Federal Sentencing Guidelines. *Id*. at 745. The Supreme Court remedied the Sixth Amendment problem by excising the provision of the Sentencing Reform Act which made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus rendering the guidelines effectively advisory. *Id*. at 764-5.

After briefing was complete in the present case, the Ninth Circuit held that *Blakely* does *not* apply retroactively to cases on collateral review. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005); *see also*, *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005). In addition, all of

REPORT & RECOMMENDATION
PAGE 3

the circuit courts that have considered the issue have held that *Booker* does not apply retroactively. *See Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005) ("[T]he 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in [§ 2255] proceedings."); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005).

The reasoning expressed by the Ninth Circuit in *Schardt* applies with equal force in the *Booker* context. Just as the Supreme Court found that the federal sentencing guidelines at issue in *Booker* could not be meaningfully distinguished from the state sentencing scheme at issue in *Blakely*, so too it appears that if *Blakely* is not retroactive, then neither is *Booker*. In addition, *Booker* has been held not to be retroactive by at least one judge of this district. *See Acero v. United States*, Case No. C04-1910RSL (Order adopting Report and Recommendation, issued April 18, 2005). For these reasons, the court concludes that the government is correct in its assertion that petitioner may not rely on *Booker* in his § 2255 motion.[1]

## Mandatory Minimum Sentence

Even if *Booker* did apply to petitioner's § 2255 motion, and the court found that the two point upward adjustment was impermissible, the government is correct in its assertion that petitioner's sentence would remain the same. As petitioner's own counsel put it at the sentencing hearing: "[E]ven were the court to find that that adjustment does not apply, there is a mandatory minimum in this case and the sentence can't be below that which is the bottom of the

---

[1] Petitioner sidesteps this point in his reply and argues instead that his motion is based upon the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided before petitioner's conviction became final. (Doc. #11 at 3). Petitioner reads *Apprendi* too broadly, however; the decision addressed a New Jersey statute, not the federal guidelines under which petitioner was sentenced. Therefore, petitioner's reliance on *Apprendi* is misplaced.

REPORT & RECOMMENDATION
PAGE 4

range." (Doc. #9, Exhibit 1 at 4). The statute under which petitioner was convicted, 21 U.S.C. § 841(b)(1)(A), provides that a person convicted of violating the statute "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ." 21 U.S.C. § 841(b)(1)(A). Thus, even if petitioner's offense level had not been adjusted upwards by two points, his sentence would have remained the same, *i.e.*, 120 months' imprisonment. Accordingly, regardless of *Booker's* applicability to his case, petitioner's § 2255 motion should be denied.

## CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion should be denied. Because the record conclusively establishes that petitioner is not entitled to relief, an evidentiary hearing is not required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A proposed Order is attached.

DATED this 29th day of August, 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge